**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| MENKEOMA OKOLI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:25-cv-233-JDK-JDL |
| | § | |
| CHRISTUS GOOD SHEPHERD | § | |
| MEDICAL CENTER–LONGVIEW, et | § | |
| al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are two motions to dismiss filed by the corporate defendants in this case. Docket Nos. 37, 39.

On June 11, 2025, Plaintiff Menkeoma Okoli initiated this action against Defendants Christus Good Shepherd Medical Center–Longview, Tiffany Edgbe, April Walnoffer, Lacie Shank, and John McDonald in the County Court at Law 2 in Gregg County, Texas. Docket No. 1, Ex. 4. In her state court petition, Okoli alleged violations of Title VII of the Civil Rights Act of 1964 and Chapter 21 of the Texas Labor Code in addition to claims for breach of contract, fraud, civil conspiracy, and aiding and abetting. *Id.* Defendants properly removed the case to federal court on June 23, 2025. Docket. No. 1. Okoli filed a second amended complaint and replaced her claims against Christus Good Shepherd Medical Center–Longview with claims against Defendants Christus Trinity Clinic ("CTC") and Christus Health. Docket No.

1

4.  The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the case.

CTC and Christus Health filed motions to dismiss Okoli's breach of contract claim.  Docket Nos. 37, 39.  On November 18, 2025, Judge Love issued a Report and Recommendation recommending that the motions be granted.  Docket No. 53.  Okoli timely filed objections to the Report.  Docket No. 57.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

The Court reviews unobjected-to portions of the Magistrate Judge's Report for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

## I.

Okoli asserts six objections:  (1) the Report failed to properly apply the standard for motions to dismiss; (2) the Report incorrectly concluded Okoli was an at-will employee; (3) the Report improperly resolved the factual dispute of whether Okoli

2

violated any of the conditions in her employment agreement; (4) CTC failed to pursue remediation, probation, and suspension before terminating Okoli's employment, which is a violation of the residency program policies; (5) the Report applied an incorrect legal standard for "incorporation by reference"; and (6) the Report improperly credits CTC and Christus Health's facts regarding Okoli's alleged "serious misconduct." *See generally* Docket No. 57. The Court addresses each objection in turn.

**A.**

In her first objection, Okoli argues that the Report improperly applies the *Twombly*/*Iqbal* pleading standard and accepts statements made by CTC and Christus Health rather than treating Okoli's factual allegations as true. Docket No. 57 at 2–4. Specifically, Okoli states that the Report resolved competing factual allegations in favor of CTC and Christus Health when evaluating CTC and Christus Health's claims that Okoli was terminated because she violated the residency program's professionalism policy and had been involved in a "near miss" incident. *Id.*

This objection centers on Okoli's breach of contract claim—that Defendants terminated her in violation of her employment contract. "[T]o plead a breach of contract claim, a plaintiff must identify a specific provision of the contract that a defendant allegedly breached." *Thomas Mushroom & Specialty, IV, Inc. v. Am. Int'l Grp., Inc.*, No. 3:21-CV-1783-G, 2023 WL 5945856, at *5 (N.D. Tex. Sept. 11, 2023) (citing *Bayway Services, Inc. v. Ameri-Build Construction, L.C.*, 106 S.W.3d 156, 160 (Tex. App.—Houston [1st Dist.] 2003, no pet.). "Where the plaintiff fails to adequately

allege that a defendant breached a contract, the plaintiff's claim must be dismissed under Rule 12(b)(6)." *Id.*

Here, Okoli has not pleaded that Defendants breached "a specific provision of the contract." *Thomas Mushroom*, 2023 WL 5945856, at *5. As the Court holds below, Okoli was an at-will employee. Defendants, therefore, were allowed to terminate her "for any reason or no reason at all," *Texas Farm Bureau Mutual Insurance Companies v. Sears*, 84 S.W.3d 604, 608 (Tex. 2002). Thus, even if the Court accepted as true Okoli's claim that her conduct did not jeopardize patient safety and could not have been a *contractual* ground for termination, her breach of contract claim still fails. *Infra* I.B.

The Court therefore overrules Okoli's first objection.

**B.**

Next, Okoli contends that the Report misapplied the at-will employment presumption imposed under Texas law when considering the plausibility of Okoli's breach of contract claim and erroneously concluded that Okoli was an at-will employee when her employment was terminated. Docket No. 57 at 4–6. Specifically, Okoli argues that CTC could not terminate her employment without cause because her employment agreement is for the term of one year, provides an annual salary, and identifies the reasons CTC can terminate her employment. *Id.* at 4. Okoli also questions whether it was proper for the Report to raise the issue of Okoli's status as an at-will employee sua sponte. *Id.*

4

Texas law provides that, "absent a specific agreement to the contrary, employment may be terminated by the employer or the employee at will, for good cause, bad cause, or no cause at all." *Cmty. Health Sys. Pro. Servs. Corp. v. Hansen*, 525 S.W.3d 671, 681 (Tex. 2017) (quoting *Montgomery Cnty. Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998)). "An employer and employee may modify their at-will relationship by agreement, but lest the general at-will rule be eroded, [Texas law requires] that the parties be definite in expressing their intent." *Sawyer v. E.I. Du Pont De Nemours & Co.*, 430 S.W.3d 396, 403 (Tex. 2014) (quoting *Montgomery Cnty. Hosp. Dist.*, 965 S.W.2d at 502). "'For such a contract to exist, the employer must unequivocally indicate a definite intent to be bound not to terminate the employee except under clearly specified circumstances.'" *Id.* (quoting same).

Among the conditions deemed insufficient to modify the at-will relationship are: employment for a fixed term, *see C.S.C.S., Inc. v. Carter*, 129 S.W.3d 584, 591 (Tex. App.—Dallas 2003, no pet.), agreements to pay a fixed salary, *Ed Rachal Found. v. D'Unger*, 207 S.W.3d 330, 332 (Tex. 2006) (per curiam), a requirement that an employer would not terminate an employee on fewer than 90 days' notice "except with reasonable cause," *Strickland v. Medtronic, Inc.*, 97 S.W.3d 835, 838 (Tex. App.—Dallas 2003, pet. dismissed w.o.j.), and "[g]eneral statements about working conditions, disciplinary procedures, or termination rights," *Durckel v. St. Joseph Hosp.*, 78 S.W.3d 576, 582 (Tex. App.—Houston [14th Dist.] 2002, no pet.). *See also Midland Jud. Dist. Cmty. Supervision & Corr. Dep't v. Jones*, 92 S.W.3d 486, 488 (Tex. 2002) (holding that written statements that employee's salary increases were

contingent on future performance evaluations did not rebut the at-will presumption). The Texas courts of appeals have long settled the proposition that an employment contract for a term may still be at-will if the agreement allows termination for any reason. *See Carter*, 129 S.W.3d at 591; *Morales v. Info. Referral Res. Assistance, Inc.*, No. 13-09-00290-CV, 2011 WL 2090233, at *2 (Tex. App.—Corpus Christi–Edinburg, May 26, 2011, no pet.); *Gonzalez v. Methodist Charlton Med. Ctr.*, No. 10-11-00257-CV, 2011 WL 6091255, at *6 (Tex. App.—Waco, Dec. 7, 2011, no pet.); *Curtis v. Ziff Energy Group, Ltd.*, 12 S.W.3d 114, 118 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

On the other hand, when an employment agreement states that it "can be cancelled for-cause only," *Community Health*, 525 S.W.3d at 682, such a term is sufficient to modify the employee's at-will status, *id*. *See also Sawyer*, 430 S.W.3d at 404 (holding that requirement in collective bargaining agreement that discharge be only for "just cause" could be given force of law and modified the employees' at-will employment relationship).

While Okoli's term of employment is limited to a year and provides for an annual salary, these features alone do not rebut the at-will presumption. *See Carter*, 129 S.W.3d at 591; *D'Unger*, 207 S.W.3d at 332. Okoli's employment contract, moreover, identifies some circumstances under which Okoli's employment may be terminated, but nothing in the agreement provides that the named circumstances are exhaustive. Certainly, Okoli's agreement lacks anything like the express limits on employer's discharge ability in *Community Health*, 525 S.W.3d at 682, and *Sawyer*,

6

430 S.W.3d at 404. Accordingly, the Court agrees that Okoli was an at-will employee when she was terminated. *See* Docket No. 53 at 10–11.

As to Okoli's "sua sponte" objection, "a district court may dismiss a plaintiff's claim for failure to state a claim sua sponte, 'as long as the procedure employed is fair to the parties.'" *Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018) (quoting *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015)). "Fairness requires 'both notice of the court's intention and an opportunity to respond.'" *Id.* (quoting same). In *Alexander*, the Fifth Circuit explicitly found sufficient "notice and an opportunity to respond" when "[t]he magistrate judge issued its recommendation that the court dismiss [plaintiff's] claims . . . and clearly stated that [plaintiff] had fourteen days to object to its recommendation." *See id.*; *see also Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (finding that district court could raise issue sua sponte because magistrate judge's recommendation put petitioner on notice of procedural default issue, and objection period allowed petitioner opportunity to respond).

Likewise here, the Magistrate Judge's Report put Okoli on notice of the at-will issue. *See* Docket No. 53. Once she was given notice, Okoli had fourteen days to file objections to the Report, and she was granted an additional extension by the Magistrate Judge to ensure she had adequate time to respond. *See id.*; Docket No. 55. Accordingly, it was appropriate for the Report to raise the issue and for this Court to adopt it.

Okoli's second objection is overruled.

**C.**

Okoli additionally objects to the Report's failure to accept as true Okoli's allegations that she did not violate any of the listed conditions provided in Section 15(c) of her employment contract with CTC.  Docket No. 57 at 6.

But the Report never concluded that Okoli violated the conditions in Section 15(c).  While the Report summarized CTC's arguments regarding Okoli's alleged violation of Section 15(c), the Report never concluded that Okoli actually violated any of them.  *See* Docket No. 53 at 9–11.  The Report instead concluded, and the Court agrees, that CTC had broad discretion to terminate Okoli's employment for any lawful reason, in accordance with the at-will presumption under Texas law.  *See id.* at 11.  Therefore, the Report properly applied the *Twombly/Iqbal* plausibility standard.

Okoli's third objection is overruled.

**D.**

Next, Okoli objects that the residency policies on disciplinary actions required CTC to follow a "sequential corrective-action process" that CTC did not follow here. Docket No. 57 at 6–7.  This is simply a repeat of arguments made in response to the motion to dismiss.  *See* Docket No. 44 at 2; Docket No. 53 at 12–13.  Objections that fail to point out any specific factual or legal error in the Report are generally improper. *Wingfield v. Garner*, No. 6:21-cv-320-JDK-KNM, 2023 WL 5835941, at *1 (E.D. Tex. Sept. 7, 2023), *aff'd*, No. 23-40547, 2025 WL 1040649 (5th Cir. Apr. 8, 2025) (holding that merely rearguing claims made in prior motion is an improper objection).

8

The objection does not address the Report's conclusion on this point, and the Court finds no clear error in the reasoning.

Accordingly, Okoli's fourth objection is overruled.

**E.**

Okoli further objects to the Report's conclusion that the residency program policies were not incorporated into the employment agreement and did not bind CTC to take disciplinary action in a set sequence. Docket No. 57 at 7–8. Okoli again questions whether it was proper for the Report to raise the incorporation issue sua sponte. *Id.* at 8.

Documents incorporated into a contract by reference become part of that contract. *In re 24R, Inc.*, 324 S.W.3d 564, 567 (Tex. 2010) (citing *In re Bank One, N.A.,* 216 S.W.3d 825, 826 (Tex. 2007) (orig. proceeding) (per curiam)). The signed document must plainly refer to the incorporated document, and it must be clear that the parties had knowledge of and assented to all or part of the terms in the referenced documents. *See One Beacon Ins. Co. v. Crowley Marine Servs., Inc.*, 648 F. 3d 258, 267 (5th Cir. 2011) (discussing general contract law principles). Mere mentions of the document are insufficient to show a document was intended to be a part of the contract. *Bob Montgomery Chevrolet, Inc. v. Dent Zone Cos.*, 409 S.W.3d 181, 189 (Tex. App.—Dallas 2013, no pet.) (citations omitted).

Here, Okoli's employment agreement with CTC demonstrates that the parties knew how to incorporate documents into a contractual agreement when they wanted to. For example, they expressly incorporated an exhibit specifying certain benefits.

*See* Docket No. 44-1 ¶12 ("CTC shall provide Resident the benefits provided for in Exhibit A.").  This express language indicates a clear intention to be bound by a document extraneous to the contract.

In contrast, Section 21 of the agreement, on which Okoli relies, merely states that the "physician shall also be subject to . . . the Residency Program policies and procedures as they exist and are amended," and "[a] copy of the Residency Program's Handbook . . . will be provided to Resident following the execution of this Agreement[.]"  *Id.* ¶ 21.  This "mere mention" of the residency program policies, *Montgomery Chevrolet*, 409 S.W.3d at 189, is insufficient to incorporate the policies by reference.

For these reasons, the Report correctly concluded that the residency program policies were not incorporated into the employment contract.  *See* Docket No. 53 at 12.

Additionally, Okoli had notice and an opportunity to respond to the Report's consideration of this issue.  It was appropriate for the Report to raise incorporation by reference and for this Court to consider the point.  *Supra* I.B. at 7.

Okoli's fifth objection is overruled.

### F.

In her final objection, Okoli asserts that the Report improperly credited CTC and Christus Health's characterization of the "near miss" incident.

This objection again repeats arguments already made in opposition to the motion to dismiss and in the first objection.  *See* Docket No. 44 at 6 ("[T]he Residency Policies control [and] prevent[] CTC from summarily terminating Dr. Okoli's

10

employment."); *Id.* at 5 ("CTC also would have known that nobody's 'health or safety is in imminent and serious danger' from Dr. Okoli." (quoting Section 15(c)(vi) of the Resident Agreement)); Docket No. 56 at 3 (arguing in Objection I that "[t]he Report also accepts Defendants' characterization of Plaintiff's actions, particularly the 'near miss incident,' as conduct that fell into the broader category of behavior that endangers patient care and safety."). *See Wingfield*, 2023 WL 5835941, at *1 (holding that merely rearguing claims made in prior motion is an improper objection).

Further, as the Court noted above, Okoli's breach of contract claim fails as a matter of law based on the language of the contract. *Supra* I.A.

Accordingly, Okoli's sixth objection is overruled.

## II.

The Report also considers Okoli's claim that Christus Health should be held vicariously liable for CTC's breach of the employment contract. Docket No. 53 at 5–7. Okoli argues that Christus Health should be liable under an alter-ego theory. *Id.* In the Report, Judge Love concluded that Okoli failed to plead the facts necessary to hold Christus Health vicariously liable. *Id.* at 6. Okoli did not object to the Report's conclusion on this issue, and the Court finds no clear error in the reasoning. *See* Docket No. 57. Further, the Court has dismissed the breach claim against CTC, and thus Christus Health cannot be vicariously liable for this additional reason.

Accordingly, Okoli's breach of contract claim against Christus Health is dismissed. *See* Docket No. 53 at 7.

## III.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Magistrate Judge's Report is correct, and Okoli's objections are without merit.  Accordingly, the Court **OVERRULES** Okoli's objections (Docket No. 57) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 53) as the opinion of the Court.  CTC and Christus Health's motions to dismiss (Docket Nos. 37, 39) are **GRANTED**.  Okoli's breach of contract claims against CTC and Christus Health are **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this **17th** day of **March, 2026.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE