**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| MENKEOMA OKOLI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:25-cv-233-JDK-JDL |
| | § | |
| CHRISTUS GOOD SHEPHERD | § | |
| MEDICAL CENTER–LONGVIEW, et | § | |
| al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Menkeoma Okoli's motion for preliminary injunction. Docket No. 5. On June 11, 2025, Okoli initiated this action in state court. Docket No. 1, Ex. 4. Defendants properly removed the case to federal court on June 23, 2025. Docket. No. 1. Okoli filed a second amended complaint and replaced her claims against Christus Good Shepherd Medical Center–Longview with claims against Defendants Christus Trinity Clinic ("CTC") and Christus Health. Docket No. 4. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On September 19, 2025, Judge Love issued a Report and Recommendation recommending that the motion be denied. Docket No. 34. The Report further recommended that the Court deny Okoli's motion for a hearing on the motion for preliminary injunction (Docket No. 31). Okoli timely filed objections to the Report. Docket No. 41. Defendants filed a response. Docket No. 48.

1

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

The Court reviews unobjected-to portions of the Magistrate Judge's Report for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

### I.

Okoli asserts two objections:  (1) the Report incorrectly declines to exercise supplemental jurisdiction over Okoli's state law claims in violation of 28 U.S.C. § 1367; and (2) by failing to exercise supplemental jurisdiction over her state law claims, the Report did not consider Okoli's breach of contract claim, which is sufficient to support a preliminary injunction.  Docket No. 41.  The Court addresses each objection in turn.

### A.

In her first objection, Okoli argues that 28 U.S.C. § 1367(a) compels this Court to exercise supplemental jurisdiction over her state law claims because they "form

part of the same case or controversy" as her federal law claims, over which this Court has original jurisdiction. Docket No. 41 at 1–2; *see* 28 U.S.C. § 1367(a). Okoli, moreover, contends that none of the exceptions in 28 U.S.C. § 1367(c) applies here. Docket No. 41 at 2–4; *see* 28 U.S.C. § 1367(c).

The Report, however, does not decline to exercise supplemental jurisdiction over Okoli's state law claims. Rather, the Report recommends that a federal court should not enter a preliminary injunction based only on state law claims when the federal claims are insufficient to warrant injunctive relief. Docket No. 34 at 19–20.

Okoli fails to object to the Report's actual conclusion—that her state law claims alone should not be the basis for a preliminary injunction. Accordingly, Okoli's first objection is overruled.

**B.**

Okoli also argues that Defendants' breach of the Resident Agreement justifies injunctive relief. Docket No. 41 at 5. Okoli's motion for preliminary injunction initially posited two main bases for injunctive relief: retaliation and breach of contract. *Id.* at 13. Okoli has since conceded that retaliation cannot be a basis for injunctive relief. *Id.*

The Court, however, has adopted Judge Love's recommendation (Docket No. 53) to dismiss the breach of contract claim. Docket No. 61. Having now been dismissed, the breach of contract claim cannot support issuing a preliminary injunction.

Okoli's second objection is overruled.

3

**II.**

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report is correct, and Okoli's objections are without merit. Accordingly, the Court **OVERRULES** Okoli's objections (Docket No. 41) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 34) as the opinion of the Court. Okoli's motion for preliminary injunction (Docket No. 5) is **DENIED**, and Okoli's motion for a hearing (Docket No. 31) is **DENIED AS MOOT**.

So **ORDERED** and **SIGNED** this **17th** day of **March, 2026.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

4