**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| MENKEOMA OKOLI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:25-cv-233-JDK-JDL |
| | § | |
| CHRISTUS GOOD SHEPHERD | § | |
| MEDICAL CENTER–LONGVIEW, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the motion to dismiss filed by Defendants Tiffany Egbe, April Walnofer, Lacie Shank, and John McDonald's (hereinafter "the individual Defendants"). Docket No. 11.

On June 11, 2025, Okoli initiated this action in state court. Docket No. 1, Ex. 4. In her state court petition, Plaintiff alleged violations of Title VII of the Civil Rights Act of 1964 and Chapter 21 of the Texas Labor Code in addition to claims for breach of contract, fraud, civil conspiracy, and aiding and abetting. *Id.* Defendants properly removed the case to federal court on June 23, 2025. Docket No. 1. Okoli filed a second amended complaint and replaced her claims against Christus Good Sheperd Medical Center–Longview with claims against Defendants Christus Trinity Clinic ("CTC") and Christus Health. Docket No. 4. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the case.

1

On September 25, 2025, Judge Love issued a Report and Recommendation recommending that the individual Defendants' motion to dismiss be granted. Docket No. 40. The Report further recommended that the Court deny Okoli's request to amend her complaint. *Id.* Okoli timely filed an objection to the Report. Docket No. 47. The individual Defendants filed a response. Docket No. 51.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

The Court reviews unobjected-to portions of the Magistrate Judge's Report for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

## I.

Okoli concedes that Counts I, II, and III of her second amended complaint (Docket No. 4) should be dismissed against the individual Defendants Tiffany Egbe, April Walnofer, Lacie Shank, and John McDonald. Docket No. 47 at 1 (Plaintiff's Objections to the Report and Recommendation). Thus, Okoli does not contest

dismissal of her claims against the individual defendants for: unlawful employment discrimination (Count I), unlawful retaliation (Count II), and unlawful harassment (Count III). The breach of contract claim raised in Count IV against only CTC and Christus has been dismissed. Docket No. 61. Therefore, the only claims remaining in the second amended complaint that could be construed as involving the individual Defendants are Counts V, VI, and VII -- for state law fraud, civil conspiracy, and aiding and abetting, respectively.

Okoli offers one main objection to the Report: the Report incorrectly recommends declining to exercise supplemental jurisdiction over these state law claims in violation of 28 U.S.C. § 1367. Notably, Defendants agree. Docket No. 51 at 1–4.

**A.**

Section 1367(a) provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Section 1367(c) includes several exceptions, only one of which is relevant here: "the district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

The parties argue that some federal claims remain pending here—the Title VII claims of discrimination (Count I), retaliation (Count II), and harassment (Count III)

3

against CTC and Christus Health.  Docket No. 47 at 3–4; Docket No. 51 at 1–4.  And Okoli contends that her state law claims against the individual Defendants "form part of the same case or controversy" as her federal law claims against the entities. Thus, according to the parties, the exercise of supplemental jurisdiction advances "the values of economy, convenience, fairness, and comity."  Docket No. 47 at 5; Docket No. 51 at 1–4.

The Court agrees.  *See, e.g., Laurents v. Arcadian Corp.*, 69 F.3d 535 (5th Cir. 1995) (holding that the district court did not abuse its discretion in retaining supplemental jurisdiction over state law claims against two defendants when all federal claims against those defendants were dismissed but federal claims remained against other defendants in the action) (citing *Rodriguez v. Pac. Care of Tex., Inc.,* 980 F.2d 1014 (5th Cir. 1993), and *Baker v. Farmers Elec. Coop., Inc.,* 34 F.3d 274 (5th Cir. 1994)); *Payne v. United States*, No. 4:15-cv-246-LG-CMC, 2015 WL 4911857, at *4 (E.D. Tex. Aug. 17, 2015) (holding 28 U.S.C. 1367(c)(3) applies only when *all* claims over which the Court has original jurisdiction—i.e., every federal claim in the case, even if only raised against other defendants—have been dismissed).

Okoli's objection is sustained.

### B.

The Court thus exercises supplemental jurisdiction over Counts V, VI, and VII against the individual Defendants and concludes that these claims fail under Federal Rules of Civil Procedure 12(b)(6) and 9(b).

4

**1.**

Okoli first asserts a fraud claim against the individual Defendants. Docket No. 4 at 43 (Count V).

"State law fraud claims are subject to the heightened pleading requirements of Rule 9(b)." *Musket Corp. v. Suncor Energy (U.S.A.) Mktg., Inc.*, 759 F. App'x 280, 289 (5th Cir. 2019) (quoting *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550–51 (5th Cir. 2010)). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Wallace v. Tesoro Corp.*, 796 F.3d 468, 480 (5th Cir. 2015) (citations omitted); *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009) ("The frequently stated, judicially-created standard for a sufficient fraud complaint . . . instructs a plaintiff to plead the time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what that person obtained thereby." (citation modified)). In other words, a plaintiff must plead the "who, what, when, where, and how" of the fraud. *United States ex rel Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005).

This portion of the complaint fails even to mention Defendants April Walnofer, Lacie Shank, and John McDonald, much less provide the necessary particulars of the "time, place and contents of [an alleged] false representation" by each of them, *Wallace*, 796 F.3d at 480. As for Defendant Egbe, the complaint is vague and conclusory about what statements Egbe allegedly made to Okoli, when they were

5

made, and where the representations allegedly occurred.  Docket No. 4 ¶¶ 198–200.

These allegations thus fail to satisfy Rule 9(b).  *See Wallace*, 796 F.3d at 480.

Accordingly, Count V is dismissed.

**2.**

Next, Okoli asserts claims for civil conspiracy and aiding and abetting.  Docket

No. 4 at 44, 46 (Counts VI and VII).

Both of these claims require an underlying tort to be actionable.  *Roehrs v.*

*Conesys, Inc.*, No. CIV.A. 3:05-CV-829-M, 2005 WL 3454015, at *7 (N.D. Tex. Dec. 14,

2005), *amended*, No. 3:05-CV-829-M, 2006 WL 8437473 (N.D. Tex. Jan. 18, 2006)

("Liability for aiding and abetting and conspiracy is predicated upon the commission

of an underlying tort." (citing *Tex. Carpenters Health Benefit Fund v. Phillip Morris,*

*Inc.,* 21 F.Supp.2d 664, 676 (E.D. Tex. 1998))); *Paisano Cap. SA de CV v. Velazquez*,

No. 7:19-CV-078, 2019 WL 6649294, at *13 (S.D. Tex. Dec. 6, 2019) ("A defendant's

liability for aiding and abetting depends on participation in some underlying tort for

which the plaintiff seeks to hold the defendant liable."); *Everett Fin., Inc. v. Primary*

*Residential Mortg., Inc.*, No. 3:14-CV-1028-D, 2016 WL 7378937, at *12 (N.D. Tex.

Dec. 20, 2016) ("Liability for conspiracy is impossible unless an underlying tort has

been proved.").  Okoli has not alleged any tort committed by the individual

Defendants, and to the extent these claims rely on Okoli's fraud claim as the

underlying tort, that claim has been dismissed for failure to comply with Rule 9(b).

Accordingly, Counts VI and VII are dismissed for failure to state a claim.

**C.**

The Report additionally considers Okoli's request to amend her complaint, which is included in her response to the individual Defendants' motion to dismiss. Docket No. 24 at 12. In the Report, Judge Love concluded that further amendments to Okoli's complaint would be futile and thus recommended denying Okoli's amendment request. Docket No. 40 at 12. Okoli did not object to the Report's conclusion on this issue. *See generally* Docket No. 47. Nevertheless, because the Court is addressing the pleading deficiencies of Okoli's state law claims, the Court will grant Okoli's request to amend.

**II.**

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that Okoli's objection (Docket No. 47) should be **SUSTAINED**. The Report of the United States Magistrate Judge (Docket No. 40) is hereby **ADOPTED in part** as the opinion of the Court. The individual Defendants' motion to dismiss (Docket No. 11) is **GRANTED**. Counts I, II, and III (Docket No. 4) are **DISMISSED with prejudice**. Counts V, VI, and VII (Docket No. 4) are **DISMISSED without prejudice**. Okoli has **TWENTY-ONE DAYS** from the date of this Order to amend her complaint and adequately replead Counts V, VI, and VII against the individual Defendants.

So **ORDERED** and **SIGNED** this **20th** day of **March, 2026.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

7